## SELKING *v.* BAILE.

PARTNERSHIP.—VERDICT.—Suit by A against B for the settlement of a partnership. The complaint alleged that the defendant had wrongfully excluded the plaintiff from the premises, &c., and from a participation in the profits. The defendant answered by a cross-complaint, alleging, among other answers, that he had purchased the plaintiff's interest in the business, and that he had since been compelled to pay certain partnership debts, one-half of which plaintiff was liable to repay. There was a general verdict for the plaintiff.

*Held,* that the verdict was a sufficient finding upon the issues, and involved a finding of the existence of the partnership, and that on settlement there was due to the plaintiff the amount found.

APPEAL from the *Marion* Common Pleas.

RAY, C. J.—This was a proceeding for a dissolution of a partnership and an adjustment of the accounts. The appellee charged in his complaint, that in *May,* 1865, he formed a partnership with the appellant, and that they purchased a retail liquor establishment and eating house, for

the sum of $5,500; that of this sum the appellee furnished $3,500, which was to be repaid out of the profits of the business, and the remaining $2,000 was borrowed by the firm. The complaint alleges that the appellant has excluded the appellee from the premises, and from a participation in the profits of the partnership. The appellant answered by a denial of the allegations of the complaint, and filed a cross-complaint alleging that he had purchased the interest of the appellee in the partnership business for the sum of $2,500, which was paid, and by assuming, also, certain debts of the firm, but that he had been compelled to pay other obligations of the late partnership, and had demanded of the appellee his proportion of the same, which had not been paid, and he therefore claimed judgment. The appellee filed a denial to this cross-complaint. There was a trial and finding for the appellee, for the sum of $675 45. There was a motion for a new trial on the grounds, 1. That the verdict was contrary to the evidence. 2. That the verdict was not a finding upon the material facts put in issue by the pleadings. 3. That the verdict was too vague and indefinite properly to inform the court of the truth of the issues involved in the pleadings, and to enable the court to make the proper order and decree.

The issue tendered by the complaint was the existence of the partnership, the right to a dissolution, and the indebtedness of the appellant. The issue made by the cross-complaint, and the denial of the same by the appellee, was that the partnership had been dissolved by the sale of the appellee's interest therein, long before the commencement of the action. If the allegation of the cross-complaint was true, the finding must have been for the appellant, for there could have been no indebtedness growing out of the partnership, and the recovery could only have been had for a sum agreed to be paid for the purchase of the interest of the appellee in the partnership. The complaint did not, however, state such a cause of action. The finding, therefore, for the appellee, was a finding that the partnership ex-

isted; that there was a cause for its dissolution, and that upon a settlement of the accounts, the appellant was indebted in the sum named. It was, therefore, a finding upon the issues, and unless contrary to the evidence given in the case, it must be sustained. We have examined the evidence, and while, perhaps, the weight of the evidence goes to show that the allegation of the cross-complaint, as to the purchase of the appellee's interest in the partnership, was true, still it is clear that there was also evidence which sustains the finding. The appellee testified to the formation of the partnership, and that he advanced $3,500, which was to be repaid out of the profits, and that he also paid certain partnership debts. He denied that he ever sold his interest in the business. He admitted that he had received $2,500 on account of his advancement. He stated also that he had been excluded from the partnership. He estimated the profits realized by the partnership at thirty-five dollars per day. Various witnesses estimated the profits at from six dollars to forty-five dollars per day. The trial was had in *March,* 1866. The appellant stated that the appellee advanced but $1,900, and that he (appellant) advanced $1,600; that he had purchased the interest of the appellee for the sum of $3,000, and had paid him $2,500. He fixes the profits at about ten dollars per day.

The jury could find from this evidence that the appellee had advanced the sum of thirty-five hundred dollars, and had been repaid twenty-five hundred, or that he had only advanced nineteen hundred dollars. They could also fix the amount of profit realized by the partnership for the ten months of its existence before the trial, between the limits of six and forty-five dollars per day. There was evidence, therefore, before the jury which will sustain the finding they have rendered, and, according to a rule well settled in this court, we cannot disturb the verdict. Indeed, the evidence of the appellant, alone, shows that an indebtedness existed not far from the amount found by the jury, and we certainly cannot depart from our constant practice in a case

involving the weight of evidence, on a mere question of pleading, to give relief from a judgment which does justice between the parties. The appellee accepted the finding as sufficient upon the issues made by his complaint, and the verdict will therefore bar any future action for the matters therein set forth, and be held to be a full and final settlement of the partnership business.

We sustain the action of the court in overruling the motion for a new trial, because we believe the finding to be sustained by evidence, and that it is sufficient, under the issues, to protect the appellant from future liability.

The judgment is affirmed, with costs.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellant.

*R. L. Walpole* and *J. S. Harvey,* for appellee.